SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PING ZHU, | No. C 07-3749 JF |
| Plaintiff, | |
| v. | **EX PARTE** MOTION PURSUANT TO FED. R. CIV. P. 56(f) |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ROBERT S. MUELLER, Director of the Federal Bureau of Investigation, | |
| Defendants. | |

## I.  INTRODUCTION

On July 24, 2007, Plaintiff Ping Zhu ("Plaintiff") served the United States Attorney's Office with the Complaint in the above captioned matter. Even though Defendants' Answer is not due until September 24, 2007, on September 7, 2007, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion"). Defendants hereby oppose Plaintiff's Motion, and move the Court to refuse the Motion pursuant to Fed. R. Civ. P. 56(f).[1] This motion is supported by the attached Declaration of Melanie Proctor.

///

---

[1] Defendants enter their appearance here for the sole reason of opposing Plaintiff's Motion and reserve the right to raise all appropriate defenses to the Complaint in their responsive pleading.

EX PARTE MOTION
C 07-3749 JF

## II. ANALYSIS

Plaintiff's Motion should be refused because it is premature. Courts have been clear: "The purpose of Rule 56(f) is to prevent the opposing party from being railroaded by a premature motion for summary judgment." Herring v. Countrywide Home Loans, Inc., 2007 WL 707073, at *2 (D. Ariz. Mar. 6, 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1985)). "When a motion for summary judgment is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern Santa Fe R.R. Co. v. Assinibione & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir.2003) (emphasis added).

Here, Plaintiff has filed his motion before Defendants have had sufficient opportunity to investigate the claims raised in his Complaint.[2] Indeed, Defendants' opposition to Plaintiff's Motion is due just four days after their responsive pleading must be filed. Defendants lack sufficient time to gather supporting affidavits and information to support their opposition to Plaintiff's Motion. Accordingly, Defendants move the Court to refuse Plaintiff's Motion pursuant to Fed. R. Civ. P. 56(f). Alternatively, Defendants request the Court to continue the Motion hearing to December 14, 2007, to provide Defendants opportunity to investigate Plaintiff's claims.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's Motion, or continue the hearing date.

Dated: September 10, 2007           Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


        /s/
MELANIE L. PROCTOR
Assistant U.S. Attorney

---

[2] Plaintiff's counsel has filed similar premature motions in at least three other cases. See Jiang v. Chertoff, No. C 07-3909 CRB, Dkt. No. 4; Xiang v. Chertoff, No. C 07-3769 JF, Dkt. No. 4; Yuan v. Chertoff, No. C 07-3750 JL, Dkt. No. 5.

EX PARTE MOTION
C 07-3749 JF                           2