JUSTIN X. WANG (CSB #166183)
PEGGY A. SHIH (CSB #197545)
**BAUGHMAN & WANG**
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PING ZHU,<br><br>        Plaintiff<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security and ROBERT S. MUELLER, Director of the Federal Bureau of Investigation,<br><br>        Defendants. | Case No.: C 07-3749 JF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE MOTION PURSUANT TO FED. R. CIV. P. 56(f)**<br><br>District Judge: Honorable Jeremy Fogel |

## I. INTRODUCTION

On July, 24, 2007, Plaintiff Ping Zhu ("Plaintiff") served the United States Attorney's Office a Complaint for Writ in the Nature of Mandamus. On September 7, 2007, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion"). Without any prior notice to the Plaintiff, on September 10, 2007, Defendants filed an ex parte motion pursuant to Fed. R. Civ. P. 56(f) ("Defendants' Motion"). Plaintiff hereby opposes Defendants' Motion and requests that the Court go forward on Plaintiff's Motion hearing, scheduled for October 19, 2007.

## I. ANALYSIS

Ex parte motions[1] are granted only on rare occasions and after a showing of good cause. *In re Intermangnetics America, Inc.*, 101 BR 191, 192-193 (C.D. Cal. 1989). An ex parte

---

[1] In the Northern District, an ex parte motion (defined as a motion filed without notice to the opposing party) "must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought." Civ. L.R. 7-10.

1  application must show why the moving party should be allowed to "go to the head of the line in
2  front of all other litigations and receive special treatment." *Mission Power Engineering Co. v.*
3  *Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal 1995). Ex parte proceedings have been
4  identified as posing a great threat to the adversary system, which allows both sides to have their
5  say, therefore promoting accuracy, fairness, and consistency. Although adversary proceedings
6  will not eliminate all error, unfairness, or inconsistency, the risk of such dangers increase when
7  one side proceeds ex parte. *In re Intermangnetics America, Inc.* 101 BR at 192.

8      The Defendants have failed to show good cause. First, Defendants have failed to indicate
9  how it will be irreparably prejudiced if Plaintiff's Motion, as scheduled for October, is heard. In
10 addition, Defendants have failed to indicate that they are without fault in creating the crisis that
11 requires ex parte relief. *Id.*

12     Defendants' Motion pursuant to Fed. R. Civ. P. 56(f) should also be denied because
13 Plaintiff's Motion was issued well within the statutory allowance, and Defendants have sufficient
14 opportunity to investigate the claims raised in Plaintiff's Complaint.

15     Plaintiff's Motion was not premature. Federal Rule of Civil Procedure 56(a) permits a
16 party asserting a claim to move for summary judgment any time after the expiration of 20 days
17 from the commencement of the action. Plaintiff's Motion was initiated well after the 20-day
18 holding period.[2] Defendants have sufficient opportunity to investigate the claim raised in
19 Plaintiff's Complaint.

20     Defendants reliance on Federal Rule of Civil Procedure 56(f) is procedurally deficient.
21 The rule provides that the Court may refuse the application for judgment or may order a
22 continuance to permit discovery where "it appears from the affidavits of a party opposing the
23 motion that the party cannot for reasons stated present by affidavit facts essential to justify the
24 party's opposition." Fed. R. Civ. P. 56(f). The Defendants were required to show the following:
25 1) facts establishing a likelihood that controverting evidence may exist as a material fact; 2) the
26 specific reasons why such evidence cannot be presented at the present time; and 3) the steps or

---

[2] Commencement of the action occurred on July 20, 2007. Plaintiff's Motion was filed on September 7, 2007.

application must show why the moving party should be allowed to "go to the head of the line in front of all other litigations and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal 1995). Ex parte proceedings have been identified as posing a great threat to the adversary system, which allows both sides to have their say, therefore promoting accuracy, fairness, and consistency. Although adversary proceedings will not eliminate all error, unfairness, or inconsistency, the risk of such dangers increase when one side proceeds ex parte. *In re Intermangnetics America, Inc.* 101 BR at 192.

The Defendants have failed to show good cause. First, Defendants have failed to indicate how it will be irreparably prejudiced if Plaintiff's Motion, as scheduled for October, is heard. In addition, Defendants have failed to indicate that they are without fault in creating the crisis that requires ex parte relief. *Id.*

Defendants' Motion pursuant to Fed. R. Civ. P. 56(f) should also be denied because Plaintiff's Motion was issued well within the statutory allowance, and Defendants have sufficient opportunity to investigate the claims raised in Plaintiff's Complaint.

Plaintiff's Motion was not premature. Federal Rule of Civil Procedure 56(a) permits a party asserting a claim to move for summary judgment any time after the expiration of 20 days from the commencement of the action. Plaintiff's Motion was initiated well after the 20-day holding period.[2] Defendants have sufficient opportunity to investigate the claim raised in Plaintiff's Complaint.

Defendants reliance on Federal Rule of Civil Procedure 56(f) is procedurally deficient. The rule provides that the Court may refuse the application for judgment or may order a continuance to permit discovery where "it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). The Defendants were required to show the following: 1) facts establishing a likelihood that controverting evidence may exist as a material fact; 2) the specific reasons why such evidence cannot be presented at the present time; and 3) the steps or

---

[2] Commencement of the action occurred on July 20, 2007. Plaintiff's Motion was filed on September 7, 2007.

procedures which the opposing party intended to utilize to obtains such evidence. *Aristocrat Technologies Australia PTY Ltd. v. International Game*, 491 F. Supp. 2d 916, 935 (N.D. Cal. 2007). Furthermore, Defendants must explain how additional time will enable them to rebut Plaintiff's allegations of no genuine issue of material fact. *Id.* Defendants' affidavit fails to make the necessary showing. In fact, this case does not implicate a complex set of facts requiring additional discovery. The facts are quite simple. Plaintiff filed an adjustment of status application (Form I-485) on January 18, 2005. A prerequisite to the Form I-485, Plaintiff's Immigrant Petition for Alien Worker (Form I-140), was approved on August 6, 2005. However, while Plaintiff has complied with the requirements for eligibility under the statute, the I-485 application has remained pending with no further action for over two years.

Mandamus relief in adjustment of status cases, such as this one, can be granted solely on the length of the delay. *Aboushaban v. Mueller*, No. C 06-1280 BZ, 2006 WL 3041086, at *2 (N.D. Cal. Oct. 24, 2006); *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007). In a case before this district, Judge Alsup found that a two year delay to be unreasonable as a matter of law. *Gelfer v. Chertoff*, 2007 WL 902383 at *2 (N.D. Cal. March 22, 2007). Plaintiff filed his I-485 application over two years and seven months ago. Defendants have a duty to complete the adjudication of Plaintiff's adjustment of status application within a reasonable time under the Mandamus Act and the and the Administrative Procedure Act. Not only is the evidence within the Defendants control, but their motion is simply a delaying tactic that will ultimately reveal incontrovertible facts.

### III.   CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny the Defendants' Motion and go forward with Plaintiff's Motion hearing, as scheduled, for October 19, 2007.

Dated: September 13, 2007                                      Respectfully submitted,


                                                               _____
                                                               Justin. X. Wang
                                                               Attorney for Plaintiff

---

Case No.: C 07-3749 JF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE MOTION        3        F:\Peggy\immigration\mandamus\ZHU, PING\ex parte opp.wpd